IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNELL JOHNSON,

    Petitioner,                    No. CIV S-11-2418 CKD P

   vs.

U.S. ATTORNEY GENERAL,        ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        The petition states that petitioner is challenging convictions for first degree murder and attempted kidnaping that were obtained in the "Criminal Court Building, L.A. County." Pet. at 1. Los Angeles County lies within the Central District of California, and it is the usual practice of all of California's federal districts to hear habeas petitions challenging a criminal conviction or sentence in the district where the sentence was imposed. See <u>Dannenberg v. Ingle</u>, 831 F.Supp. 767 (N.D.Cal. 1993). However, under 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. At the time he filed this petition, petitioner was incarcerated at California State Prison-Sacramento, which lies within the Eastern

1

District of California.  Therefore, this court has concurrent jurisdiction with the Central District of California.[1]

Petitioner's sole ground for federal habeas relief is his contention that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, is unconstitutional because it "effectively suspend[s] habeas corpus in violation of the U.S. Constitution's Suspension Clause." Pet. at 11.  The Ninth Circuit has already rejected that position in another case, Crater v. Galaza, 491 F.3d 1119 (9th Cir. 2007).  There, the Ninth Circuit found that "the operative provisions of [AEDPA] do not violate the Suspension Clause of the Constitution, Art. 1, § 9" because "Section 2254(d)(1) simply modifies the preconditions for habeas relief, and does not remove all habeas jurisdiction." Id. at 491 F.3d 1119, 1124-26.  Other attacks on AEPDA's constitutionality have also failed.  In Williams v. Taylor, 529 U.S. 362, 460 (2000), the Supreme Court held § 2254(d)(1) does not violate the separation of powers.  And in Duhaime v. Ducharme, 200 F.3d 597, 601 (9th Cir. 2000), the Ninth Circuit stated broadly that § 2254(d)(1) "does not suffer from any Article III infirmities[.]"

In light of this authority, the court concludes that petitioner can state no ground on which habeas relief could be granted and that attempts to amend his petition would be unavailing.  The petition should be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to preside over this case.

IT IS HEREBY RECOMMENDED that the petition be dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

---

[1] Petitioner has recently been transferred to Salinas Valley State Prison in Soledad, California.  That prison lies within the Northern District of California.  However, transfer of the petitioner to another district after filing the petition does not deprive the court of jurisdiction. See McGee v. California Dept. of Corrections, 1995 WL 456356 (N.D. Cal.).

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 Dated: December 20, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

john2418.157